**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2000
_____

DERRICK ROYSTER,
                                    Appellant
                        v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-07-cv-00228)
District Judge:  Honorable Sean J. McLaughlin

_____

Argued on October 26, 2011

Before:  FISHER, VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 30, 2012)

Stephen D. Brown, Esquire
David T. Jones, Esquire **(Argued)**
Galia H. Porat, Esquire
Dechert, LLP
2929 Arch Street
18th Floor, Room 2025
Cira Centre
Philadelphia, PA   19104

                        Counsel for Appellant

David J. Hickton, Esquire

United States Attorney General
Donovan J. Cocas, Esquire **(Argued)**
Michael C. Colville, Esquire
Robert L. Eberhardt, Esquire
Laura S. Irwin, Esquire
Office of the United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA   15219

Counsel for Appellee

O P I N I O N

**ROTH,** Circuit Judge:

Plaintiff Derrick Royster appeals the District Court's order granting summary judgment to the United States on his tort claims brought under the Federal Tort Claims Act (FTCA).  The District Court granted summary judgment based on its finding that Royster failed to pursue administrative remedies within the statutorily prescribed time period following the accrual of his claims.  We conclude, however, that the United States has not established that Royster's administrative claims were untimely and that it is therefore not entitled to summary judgment.  We will accordingly vacate the District Court's judgment and remand the case for further proceedings.

**I.  BACKGROUND**

In 2005, Royster was an inmate at the Federal Correctional Institution at McKean (FCI-McKean) in Bradford, Pennsylvania.[1] In April of that year, he became aware of an unusual skin irritation that was causing him pain and discomfort. He initially sought medical treatment from the prison Health Services Department on April 23, and on May 2, that department informed him of its diagnosis that he had contracted a methicillin resistant staphylococcus aureus (MRSA) infection. Royster was educated about his condition during this later visit and was also issued two antibiotics as treatment. Over the course of the next year and a half, the Health Services Department treated him a number of times for sores and abscesses on various parts of his body.

On August 23, 2007, Royster filed this action against the United States under the FTCA seeking damages for pain and suffering related to his MRSA infection. In an amended complaint filed on October 11, 2007, Royster set forth two causes of action: first, that the conditions of his confinement at FCI-McKean caused his MRSA infection (the conditions claim) and, second, that he received inadequate medical treatment after being diagnosed with it (the medical negligence claim). On March 11, 2010, the District Court granted summary judgment to the United States on both claims, holding that Royster had not timely pursued his claims at the administrative level. Royster appeals.

## II. JURISDICTION & STANDARD OF REVIEW

_____

[1] Royster arrived at FCI-McKean in February 2003 and was transferred to another prison in November 2007.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment to the United States is plenary. *Santos v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). Accordingly, we must determine whether the United States has shown that "there is no genuine dispute as to any material fact" such that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this evaluation, we must view the facts in the light most favorable to Royster and draw all reasonable inferences in his favor. *N.J. Transit Corp. v. Harsco Corp.*, 497 F.3d 323, 326 (3d Cir. 2007).

## III. <u>DISCUSSION</u>

"The United States, as a sovereign, is immune from suit unless it consents to be sued." *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008). The FTCA partially waives this immunity to allow suits against the United States for torts committed by its employees in the scope of their employment. 28 U.S.C. § 1346(b). To take advantage of this waiver, a plaintiff must first have presented his claim to and had it denied by the appropriate Federal agency, *see* 28 U.S.C. § 2675(a), which, in Royster's case, is the Federal Bureau of Prisons (BOP). This presentation must occur within two years after a claim accrues; otherwise, it is absolutely barred. 28 U.S.C. § 2401(b). We have clarified that, contrary to our earlier holdings, this statute of limitations is not jurisdictional. *Santos*, 559 F.3d at 194-95. Rather, untimeliness "is an affirmative defense which the defendant has the burden of establishing." *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (citations and internal quotation marks omitted).

The District Court concluded that Royster's claims accrued, at the latest, on May

4

2, 2005, but were not presented until slightly over two years later, on May 4, 2007.[2]  The

Court held that the claims accrued on May 2, 2005, based on the undisputed fact that this

is the date on which Royster was diagnosed with having an MRSA infection.  We have

recognized that a claim accrues when an injured party knows or reasonably should know

both the existence and cause of his injury.  *See Peterson v. United States*, 694 F.2d 943,

945 (3d Cir. 1982) (citing *United States v. Kubrick*, 444 U.S. 111 (1979)).  In light of this

standard, we do not agree that Royster's claims necessarily accrued at the time he learned

that he had an MRSA infection.

This is most clear with respect to Royster's medical negligence claim.  In that

claim, Royster alleges that the Health Services Department caused him to endure

additional pain and suffering by failing to provide him with adequate medical treatment

after it diagnosed him with an MRSA infection.  Royster asserts that he sought treatment

from the Health Services Department a number of times after his initial diagnosis on May

2, 2005, and that he suffered from his infection through November 2006.  Any claims of

negligent medical treatment on Royster's visits to the Health Services Department in this

period after May 2, 2005, would obviously not have accrued by that date.  Moreover,

even a claim of negligent treatment on May 2, 2005, would not accrue on that date unless

Royster should immediately have known that he had been injured by the medical

treatment he had just received.  The United States, though, has presented no evidence

---

[2] The District Court held that the claims were presented on May 4, 2007, because that is
the date on which the BOP received them.  We resolve this appeal without reviewing that
holding.

establishing that he should have had such immediate awareness.

The District Court's holding with respect to Royster's conditions claim is likewise flawed. Certainly, it cannot be disputed that Royster's May 2, 2005, MRSA diagnosis gave him actual knowledge of the existence of his injury. But his conditions claim would not accrue until he also knew or should have known the cause of that injury. He alleges that the cause was that the prison laundry service cleaned inmates' clothing with water that was insufficiently warm to kill MRSA bacteria, thereby allowing it to survive and spread. (Royster explains that he was effectively forced to use this laundry service after the prison removed laundry machines that inmates could operate on their own.) His conditions claim would thus have accrued by May 2, 2005, only if he knew or should have known by that date that the prison was not laundering his clothes in sufficiently warm water and that this resulted in his infection. Viewing the evidence in the light most favorable to Royster, we do not find that he did or should have had this knowledge.

The United States argues that Royster should have known the cause of his injury before May 2, 2005, because he noticed prior to that date that his clothes did not seem clean after they were returned from the laundry service, but we do not find that this observation should have lead him to any conclusions about the temperature of the water the laundry service was using. The United States also argues that Royster should have known of the cause of his injury before May 2, 2005, because by April 2005, he had attended a "Town Hall" meeting concerning MRSA infections lead by the Health Services Administrator at FCI-McKean, Rodney S. Smith, and had received an "MRSA Fact Sheet" that contained relevant information about such infections. There is no

6

evidence in the record, though, suggesting that the discussions at the Town Hall meetings would have alerted attendees that the prison laundry service was cleaning inmates' clothes with water that was not hot enough to kill MRSA bacteria, and the MRSA Fact Sheet similarly does not address the temperature of the water used by the prison laundry service.

The United States also argues more generally that Royster's claim accrued at the moment he received his diagnosis because, given that he was in constant custody at FCI-McKean, he should have known that prison officials had caused his injury. But bacteria, by their nature, are apt to spread, even potentially in the face of disease prevention efforts of the highest quality, and the mere contraction of an infection would not, on its own, put Royster on notice that some act or omission by prison officials was the cause. We thus reject the premise that any injury suffered by a prisoner is necessarily caused by the prison, and we therefore conclude that the United States has not established that Royster should have known the cause of his MRSA infection prior to May 2, 2005.

## IV. CONCLUSION

For the reasons we have explained, we will vacate the District Court's order granting summary judgment to the United States and remand the case for further proceedings.[3]

---

[3] Because Royster's Notice of Appeal identifies for review only the District Court's March 11, 2010, order granting summary judgment to the United States, we do not review any previous order denying a motion for appointment of counsel. We suggest, though, that once this case resumes in the District Court, appointment of counsel would be appropriate. *See Tabron v. Grace*, 6 F.3d 147, 153-58 (3d Cir. 1993).